**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Globaltranz Enterprises LLC, | No. CV-22-00545-PHX-JAT |
| Plaintiff, | **TEMPORARY RESTRAINING ORDER** |
| v. | |
| Pinnacle Logistics Group LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Globaltranz Enterprises LLC's application for a Temporary Restraining Order ("TRO"). (Doc. 2). Defendants filed a response (Doc. 14), and the Court heard oral argument on the application on Wednesday, April 13, 2022. The Court denied the application for the TRO. (Doc. 18). The Court now reiterates in writing the reasons for denying it.

**I.   BACKGROUND**

This case concerns a business relationship between Globaltranz Enterprises LLC ("Globaltranz") and Defendants Pinnacle Logistics Group, LLC ("Pinnacle") and its founders. Globaltranz is a shipping logistics company. Volition Logistics, LLC ("Volition") was also a shipping logistics company that operated under an agency relationship with Globaltranz and employed individual defendants.

In January 2022, Globaltranz acquired most of Volition's assets, including the "assignment of all rights, title, and interest in all assets used in or relating to Volition's operations logistic business." (Doc. 1 at 2). As part of the Asset Sale, Globaltranz

acquired confidential information from Volition about its product offerings, pricing information, lead lists, and client information. (Doc. 1 at 6).

In the instant motion, Globaltranz alleges that individual defendants misappropriated Globaltranz's sensitive confidential and trade secret business information to start Pinnacle. (Doc. 2 at 3). Globaltranz further claims that Defendants are using that information to poach Globaltranz's customers. (Doc. 2 at 3). Globaltranz now seeks to enjoin Defendants from using any of the intangible assets that were the subject of the Asset Purchase Agreement. (Doc. 2 at 3).

Defendants contend that Globaltranz has not clearly articulated what information Defendants "have and are improperly using." (Doc. 14 at 12). Additionally, Defendants argue that Globaltranz has failed to show that it has shown a substantial likelihood of success on the merits at trial or irreparable harm. (Doc. 14 at 17–18).

On April 13, 2022, the Court heard oral argument from the parties. For reasons that follow, the Court will deny the motion.

## II.     LEGAL STANDARD

For a court to issue a TRO or preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Under the Ninth Circuit "serious questions" test, the four *Winter* factors may be evaluated on a sliding scale, and a TRO or preliminary injunction "is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)). Under this "serious questions" variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072

(9th Cir. 2012).

## III. DISCUSSION

### A. Likelihood of Success/Serious Questions on the Merits

"Likelihood of success on the merits is the most important *Winter* factor; if a movant fails to meet this threshold inquiry, the court need not consider the other factors in the absence of serious questions going to the merits." *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (internal citations and quotations omitted); *see also Krieger v. Nationwide Mut. Ins. Co.*, No. CV-11-1059-PHX-DGC, 2011 WL 3760876, at *1 (D. Ariz. Aug. 25, 2011) ("Because Plaintiff has failed to show a likelihood of success on the merits or the existence of serious questions, the Court will not issue a preliminary injunction. The Court need not address the other requirements for preliminary injunctive relief.").

Globaltranz asserts that it has demonstrated a likelihood of success on the merits because there is evidence that (1) an individual defendant accessed files and folders on a work computer while connected to a personal USB drive, (2) individual defendants were using personal cloud storage accounts on their work computers, (3) the timing of Pinnacle's formation, (4) the confidential information was carefully protected with a combination of physical, personnel, and electronic security measures, and (5) Globaltranz received emails from some of Defendants' customers that referenced the use of Globaltranz's confidential information. (Doc. 2 at 8–12).

Based on the limited material before it, the Court concludes that while Globaltranz has shown the existence of "serious questions" going to the merits, it has not demonstrated a likelihood of success. While Defendants' behavior regarding the use of cloud storage and USB devices is suspicious, Globaltranz has not shown what trade secrets or confidential information that Defendants now possess. It concedes as such in its complaint. (Doc. 1 at 19–20). And its proposed TRO also reflects this, requesting overly broad relief: Defendants shall desist from "[p]ossessing or retaining *any*" of Globaltranz's property. (Doc. 2-1 at 3) (emphasis added). Further evidentiary

development is needed to assess what information—if any—Defendants possess.

Moreover, it is unclear whether the materials allegedly taken by Defendants constitute trade secrets. The information Defendants are accused of stealing involve pricing, customer, and supplier information. *Prudential Ins. Co. v. Pochiro*, 153 Ariz. 368, 371 (Ct. App. 1987) ("A list of customers, if their trade and patronage have been secured by years of business effort and advertising and the expenditure of time and money, constitutes an important part of a business and is in the nature of a trade secret."). But individual defendants also worked in the industry and may have used their experience to compete against Globaltranz. Once again, further evidentiary development is needed, but as it currently stands, Globaltranz has not shown a likelihood of success on its trade secrets claims.

Likewise, email communications between Globaltranz and Defendants' customers do not establish misappropriation by Defendants. As mentioned above, it is unclear whether Defendants possess the information, whether it is confidential or trade secrets, and whether Defendants were using it. Defendants could have merely created systems similar to the ones they used while working for Volition.

Finally, Globaltranz's Breach of Contract claims fail for similar reasons. Globaltranz relies on contractual claims set out in the non-disclosure agreements that Defendants signed while working for Volition. But serious questions remain about the assignability of the NDAs to Globaltranz in the Asset Sale and whether Globaltranz can enforce them.

Currently, there are too many unanswered questions that prevent the Court from concluding that Globaltranz has met its burden of demonstrating a likelihood of success on the merits. However, Globaltranz may end up prevailing on its claims with a further developed evidentiary record.

Beyond the substantive merits of Globaltranz's claims, the Court is also concerned about the breadth of injunctive relief sought by Globaltranz. In its request, Globaltranz seeks to prevent Defendants from: "Possessing or retaining any Volition/GTZ property,

Confidential Information of Volition/GTZ . . . Using any Volition/GTZ Confidential Information for any purpose . . . Misappropriating any Volition/GTZ Confidential Information." (Doc. 2-1 at 4). In this Court's view, an order of this type suggests that Globaltranz is unaware of what Defendants possess and is looking to sweep in anything and everything. Additionally, such injunctive relief would be disproportionate to the claims alleged by Globaltranz.

### B. Irreparable Harm

The Court next considers whether Globaltranz will suffer irreparable harm absent the Court's intervention. Irreparable harm is harm for which there is no adequate remedy at law, such as money damages. *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).

Globaltranz argues that it meets this element because it may lose business opportunities, customer relationship and goodwill, and diversion of its customers. (Doc. 2 at 12–13). Defendants argue that Globaltranz has only shown loss of customer revenue and not shown an irreparable injury. (Doc. 14 at 18).

The Court finds that the evidence cuts against a finding of irreparable harm for Globaltranz. First, Globaltranz has known about the alleged theft since February 2022, and it waited over two months to seek emergency injunctive relief. Although Globaltranz argues that it waited to conduct forensic testing on the computers, Globaltranz's lack of filing cuts against a finding of irreparable harm. *E.g.*, *TDBBS LLC v. Ethical Prods*., No. CV-19-01312-PHX-SMB, 2019 U.S. Dist. LEXIS 32207, at *11 (D. Ariz. Feb. 28, 2019); *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.").

Second, while courts can grant injunctions in the trade-secrets context based on findings of irreparable harm, it's not true that irreparable harm necessarily exists in this context. *E.g.*, *Ethical*, 2019 U.S. Dist. LEXIS 32207, at *12; *Calence, LLC v. Dimension Data Holdings, PLC*, 222 Fed. App'x 563, 566 (9th Cir. 2007) ("Even assuming that this

case involves trade secrets, the district did not err in failing to presume irreparable harm because of alleged trade secret loss."). This is especially true here when it is unclear whether the information that Defendants are alleged to possess are in fact trade secrets. *Calisi v. Unified Fin. Servs.*, 232 Ariz. 103, 109 (App. 2013) ("Although there may be substantial overlap between confidential information and trade secrets, they are not synonymous."); *Enter. Leasing Co. of Phx. v. Ehmke*, 197 Ariz. 144, 148 (App. 1999) ("[N]ot every commercial secret qualifies as a trade secret. Only those secrets affording a demonstrable competitive advantage may properly be considered a trade secret."). As it currently stands, Globaltranz's claims appear to be remedied by money damages, making them not irreparable harm

### C. Balance of Equities

The Court next considers whether the balance of equities tips in Globaltranz's favor. "In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987). Globaltranz argues the balance-of-equities factor weighs in its favor because it is currently suffering irreparable harm and Defendants would not suffer any more hardship than what is required by law. (Doc. 2 at 15).

The Court find this factor is neutral to the parties. Although Globaltranz has raised serious questions about its ability to prevail, Globaltranz has not established a likelihood of success on the merits. Thus, the Court can't say that Defendants lacks any legitimate interest in continuing its challenged activity. *Ethical*, 2019 U.S. Dist. LEXIS 32207, at *15. Given the broad nature of the proposed TRO, Defendants' business could be seriously affected if the Court improperly issued an injunction.

### D. Public Interest

Finally, the Court considers whether issuing the injunction is in the public interest. "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555

U.S. at 24. Globaltranz argues this factor weighs in its favor because public policy favors "protecting legitimate business interests and creating an environment that is favorable to attracting commercial enterprises/keeping existing business in the state." (Doc. 2 at 16).

The Court concludes this factor tips slightly in Globaltranz's favor. While there is a strong public interest in protecting trade secrets from theft, there is also public interest in promoting competition between companies. Additionally, it is unclear if Globaltranz will prevail on its claims.

## IV.  CONCLUSION

Globaltranz cannot establish the four factors the Supreme Court has said are required for this Court to grant a TRO. Thus, the Court concludes that Globaltranz is not entitled to a TRO. Based on the foregoing,

**IT IS ORDERED** that Plaintiff's request for a Temporary Restraining Order (Doc. 2) is denied.

**IT IS FURTHER ORDERED** that the portion of the document that seeks a preliminary injunction remains pending and is set for a hearing on Thursday, May 26, 2022, at 8:30 a.m.

Dated this 14th day of April, 2022.

James A. Teilborg
Senior United States District Judge