**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Globaltranz Enterprises LLC, | No. CV-22-00545-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Pinnacle Logistics Group LLC, et al., | |
| Defendants. | |

Pending before the Court is the parties' joint request for a protective order seeking to mark as confidential items, "that qualify for protection under Federal Rule of Civil Procedure 26(c)." (Doc. 22-1 at 2). It also seeks to mark as "attorney's eyes only" items, "the disclosure of which to another Party or non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." (*Id.*).

The Court finds that the parties have failed to show cause for the need for a protective order in this case. Specifically, global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of**

**good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

Thus, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

Here, the parties' stipulation states: "The Parties have conferred and have agreed to the terms of a Protective Order that the Parties believe will accomplish their goal of maintain the confidentiality of certain confidential, proprietary, and/or sensitive or personal information." (Doc. 22 at 2). This argument does not establish good cause. Accordingly, the request for a protective order is denied. However, the parties may redact any information listed in Federal Rule of Civil Procedure 5.2 without further Court order and may also redact any non-relevant sensitive or personal information without further Court order.

Based on the foregoing,

**IT IS ORDERED** that the joint motion for entry of a protective order (Doc. 22) is denied without prejudice.

Dated this 26th day of April, 2022.

James A. Teilborg
Senior United States District Judge