**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Globaltranz Enterprises LLC, | No. CV-22-00545-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Pinnacle Logistics Group LLC, et al., | |
| Defendants. | |

On April 26, 2022, the Court denied the parties' request for a protective order. Specifically, the Court stated:

> Pending before the Court is the parties' joint request for a protective order seeking to mark as confidential items, "that qualify for protection under Federal Rule of Civil Procedure 26(c)." (Doc. 22-1 at 2). It also seeks to mark as "attorney's eyes only" items, "the disclosure of which to another Party or non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." (*Id.*).
> The Court finds that the parties have failed to show cause for the need for a protective order in this case. Specifically, global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).
> Thus, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v.*

>    *Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).
>    Here, the parties' stipulation states: "The Parties have conferred and have agreed to the terms of a Protective Order that the Parties believe will accomplish their goal of maintain the confidentiality of certain confidential, proprietary, and/or sensitive or personal information." (Doc. 22 at 2). This argument does not establish good cause. Accordingly, the request for a protective order is denied. However, the parties may redact any information listed in Federal Rule of Civil Procedure 5.2 without further Court order and may also redact any non-relevant sensitive or personal information without further Court order.

(Doc. 27).

The parties have renewed their request for the same protective order that the Court already held was too broad. In their renewed motion, they state: "It is Plaintiff's position that this information is not publicly available, would be very difficult to independently create, and would be very valuable to Plaintiff's competitors. It is Plaintiff's position that significant harm would result to Plaintiff if this information was permitted to be publicly available or not provided with protection from disclosure." (Doc. 30 at 6). "This information" is not a defined term but seems to reference 3 interrogatories quoted in the renewed motion. (*Id.*) However, the protective order sought clearly goes beyond the information sought in the 3 interrogatories. Finally, the interrogatories reference only two things: some blank forms and contracts between Plaintiff and Volition. The parties make no representations that either the forms or the contracts have been kept confidential, including, for example making employees who have had access to them sign non-disclosure agreements. Or that such documents have not been shareed with clients or vendors. Thus, they have failed to show good cause for the protective of these particular documents.

As to all other documents and information, they further state, "Plaintiff's Requests for Production to Defendants similarly seeks information that Defendants in good faith contend constitutes Confidential Information belonging to Defendants, and could harm Defendants if publicly available or not provided with protection from disclosure." (*Id.*). Like the prior motion, this argument is made in broad generalities and not specifics. It does not list document by document which items the parties seek to mark confidential, nor explain why those documents, specifically, would be entitled to protection.

Additionally, the motion states that this case was brought under the Defense of Trade Secrets Act. (*Id.*). While this is true, Plaintiff has yet to identify any specific document, computer program, or other information that Plaintiff claims is a trade secret. Nor has Plaintiff made an argument as to why that particular information actually qualifies as a trade secret.

Thus, the parties have again failed to show a particularized need, or good cause under Rule 26, for a Court ordered protective order. The parties are free to enter into any private discovery contract they choose. However, if they want a Court Order, they must meet the stringent standards for being entitled to a protective order under Rule 26.

Accordingly,

**IT IS ORDERED** that the previous request for a protective order, as renewed (Doc. 30), is denied as overly broad.

Dated this 29th day of April, 2022.

*James A. Teilborg*
Senior United States District Judge