WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Globaltranz Enterprises LLC,<br><br>Plaintiff,<br><br>v.<br><br>Pinnacle Logistics Group LLC, et al.,<br><br>Defendants. | No. CV-22-00545-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff GlobalTranz Enterprises, LLC's motion for sanctions against Defendant Nicholas Jarvis ("Jarvis") due to spoliation of evidence (Doc. 67). Jarvis responded (Doc. 70) and GlobalTranz replied (Doc. 73). The Court now rules.

**I.    BACKGROUND**

This litigation arises from events following Plaintiff's purchase of Volition Logistics, LLC. Volition Logistics was in the business of arranging transportation for truckload-or-smaller shipments of various kinds of goods. (*See* Docs. 52 at 5–6; 58 at 3). Essentially, as a third-party-logistics provider Volition contracted with carriers to move goods on behalf of customers who needed goods moved. (*See id.*). Plaintiff alleges that the individual defendants are former Volition employees who used trade secrets and other confidential information belonging to Plaintiff to "jump start" a competing business, Pinnacle Logistics Group, LLC. (Doc. 52 at 2).

Plaintiff now claims that, before Jarvis left Volition, he synced 32,000 Volition files to a personal computer using Microsoft OneDrive (a cloud backup and file synchronization

service). (Doc. 67 at 2). Plaintiff also claims that Jarvis downloaded confidential Volition files onto two portable flash drives, which have not been located. (*Id.* at 2–3). Jarvis denies possessing the flash drives, claims that he did not take any confidential information with him when he left Volition, and has testified that he does not remember inserting the flash drives in the first place. (Docs. 67-2 at 7–8, 11–13, 15, 42; 70-1 at 27). Jarvis has suggested that this lack of memory may be due to contracting COVID during the month when the flash drives were inserted. (Doc. 67-2 at 7).

Because Plaintiff has recovered the 32,000 OneDrive files, Plaintiff seeks spoliation sanctions only relating to the information on the missing flash drives. (Doc. 67 at 2; 67-1 at 4–5; 73 at 5).[1] Specifically, Plaintiff requests that this Court presume, and eventually instruct the jury, that Jarvis copied Volition's confidential and trade secret information onto the flash drives and used that information at Pinnacle. (Doc. 67 at 18).

## II.   ANALYSIS

Plaintiff argues that it has satisfied the relevant standard for this severe sanction. (Doc. 67 at 11–18). Jarvis counters that Plaintiff has not identified the correct legal standard and has not presented enough evidence to satisfy it. (Doc. 70 at 2–3). The Court will determine the correct legal standard and then consider whether that standard is satisfied.

### a. Appropriate Legal Standard

"Spoliation is the destruction or material alteration of evidence, or the failure to otherwise preserve evidence, for another's use in litigation." *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 334 (D. Ariz. 2022) (citing *Surowiec v. Cap. Title Agency, Inc.*, 790 F. Supp. 2d 997, 1005 (D. Ariz. 2011)). Two independent sources of power authorize

---

[1] Plaintiff also states that "[n]othing relating to the OneDrive issue must be resolved in order to rule on the Motion." (Doc. 73 at 5). Plaintiff further states that it is irrelevant whether Jarvis copied trade secrets to OneDrive, why the OneDrive account was set up in another Volition employee's name, why the computer that synced files to OneDrive was different than the computer into which the flash drives were inserted, why the OneDrive account was in use for three months after Jarvis's employment ended, and why the folder structure in the OneDrive account is different from the folder structure on Jarvis's Volition computer (*Id.* at 5–8). Considering the factual uncertainty surrounding the OneDrive account, the Court finds that Jarvis's denial that he created the OneDrive account does not by itself necessarily prove that Jarvis is "untrustworthy." Given Plaintiff's insistence that the OneDrive issue is irrelevant to ruling on the motion, the Court draws no other conclusions from the evidence and arguments regarding the OneDrive account.

- 2 -

sanctions against "a party who has despoiled evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices," and Federal Rule of Civil Procedure 37. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006); Fed. R. Civ. P. 37(b), (e). Rule 37(e) "sets the standards for sanctions arising from the spoliation" of electronically stored information ("ESI"). *Fast*, 340 F.R.D. at 334; *see also* Fed. R. Civ. P. 37(e) advisory committee's note to the 2015 amendment (". . . Rule 37(e) . . . . authorizes and specifies measures a court may employ . . . and specifies the findings necessary to justify these measures."). Where it applies, the "detailed language of Rule 37(e)" forecloses "reliance on inherent authority to determine whether" sanctions are appropriate. *Newberry v. County of San Bernardino*, 750 Fed. App'x 534, 537 (9th Cir. 2018) (citing Fed. R. Civ. P. 37(e) advisory committee's note to the 2015 amendment) (cleaned up); Steven S. Gensler & Lumen N. Mulligan, 1 Federal Rules of Civil Procedure, Rules and Commentary, Rule 37 (2022).

In its motion for sanctions, Plaintiff relies on cases decided under inherent judicial power prior to the introduction of the current rule 37(e) in 2015. (*See* Doc. 67 at 11) (citing *Surowiec*, 790 F. Supp. 2d at 1005; *Aviva USA Corp. v. Vazirani*, No. CV 11-0369-PHX-JAT, 2012 WL 71020 (D. Ariz. Jan. 10, 2012)). Jarvis argues in response that the evidence at issue is ESI and that Plaintiff's motion must instead be evaluated under Rule 37(e). (Doc. 70 at 2). Plaintiff does not address this contention in its reply, and does not explain why the motion should be decided under the Court's inherent powers. (*See* Doc. 73 at 1–13).

The Court finds that Rule 37(e) supplies the standard relevant to Plaintiff's motion because the lost evidence at issue—the allegedly confidential information allegedly stored on the missing flash drives—is ESI. *Cf., e.g.*, *TLS Mgmt. & Mktg. Servs. LLC v. Rodriguez–Toledo*, 2017 WL 1155743, at *1–2 (D.P.R. Mar. 27, 2017) (treating a discarded laptop as ESI); *Sosa v. Carnival Corp.*, 2018 WL 6335178, at *10, 12, 14–15 (S.D. Fla. Dec. 4, 2018) (finding that video footage which may have been downloaded to a flash drive was ESI); *Stanbro v. Westchester Cnty. Health Care Corp.*, 2021 WL 3863396, at *10 (S.D.N.Y. Aug. 27, 2021) (finding that a video stored on a DVD was ESI); *4DD Holdings,*

*LLC v. United States*, 143 Fed. Cl. 118, 126, 131 (2019) (finding that information on hard drives which were physically destroyed was ESI). Plaintiff does not argue otherwise.

Under Rule 37(e) sanctions may be appropriate where ESI "that should have been preserved in anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ P. 37(e). If the Court finds that the loss of the ESI prejudiced the moving party, the Court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ P. 37(e)(1). Separately, where the despoiling party "acted with the intent to deprive" the moving party "of the information's use in the litigation," the Court may "instruct the jury that it may or must presume the information was unfavorable to the [despoiling] party."[2]

The party seeking sanctions has the "burden to affirmatively prove" these prerequisites. *See Anderson v. Armour*, 2021 WL 5985014, at *1 (9th Cir. 2021); *see also Broadous v. Target Corp.*, 2023 WL 417900, at *2 (9th Cir. 2023). "The relevant standard of proof for spoliation sanctions is preponderance of the evidence." *Fast*, 340 F.R.D. at 335 (citing *Burris v. JPMorgan Chase & Co.*, 2021 WL 4627312, at *11 (D. Ariz. Oct. 7, 2021); *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1052–53 (S.D. Cal. 2015)).

**b. Lost Information**

Rule 37(e) only applies to information which has been lost and cannot be replaced through additional discovery. Fed. R. Civ. P. 37(e) advisory committee's note to the 2015 amendment. Both parties state that they do not have the flash drives and have been unable to find them. (*See* Docs. 67-1 at 5; 67-2 at 45–50; 70 at 14–15). The Court therefore finds that the information on them is lost. Jarvis argues that that the information on the flash

---

[2] Fed. R. Civ. P. 37(e)(2). "Unlike Rule 37(e)(1), Rule 37(e)(2) does 'does not include a requirement that the court find prejudice to the party deprived of the information. This is because the finding of intent required by the subdivision can support not only an inference that the lost information was unfavorable to the party that intentionally destroyed it, but also an inference that the opposing party was prejudiced by the loss of information that would have favored its position.'" *SiteLock LLC v. GoDaddy.com LLC*, 2022 WL 3716499, at *5 (D. Ariz. Aug. 29, 2022) (quoting Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment).

- 4 -

1 drives is not lost because the folders and files copied to the drive should still exist on the
2 Volition computer from which they were copied. (Doc. 70 at 14; 16). Plaintiff replies that
3 Jarvis could have copied information from the computer onto the drive and then deleted it
4 from the computer. (Doc. 73 at 12). Plaintiff also notes that Jarvis could have remotely
5 accessed and copied information from elsewhere within Volition's systems. (*Id.*). The
6 Court agrees with Plaintiff. Some of the information lost with the flash drives was the meta-
7 information regarding precisely which files were on the drives. This information is not
8 recoverable without accessing the lost drives, (*see* Doc. 76-3 at 4–5), and is therefore lost
9 information.

10 The Court also finds that, based on the available evidence and the positions of the
11 parties as discussed above, the information on the flash drives cannot be restored or
12 replaced through additional discovery.

13     **c. Duty to Preserve**

14 Rule 37(e) only permits sanctions relating to lost ESI that should have been
15 preserved. Fed. R. Civ. P. 37(e). In other words, Jarvis must have been under a duty to
16 preserve the ESI at the time it was lost or destroyed. Rule 37(e) "does not attempt to create
17 a new duty to preserve," but rather is based on the common-law duty. Fed. R. Civ. P. 37
18 advisory committee's note to the 2015 amendment. The common-law "duty to preserve
19 information arises when a party knows or should know that the information is relevant to
20 pending or future litigation." *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1105 (D. Ariz. 2014);
21 *see also United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)
22 ("Defendants engage in spoliation of documents as a matter of law only if they had some
23 notice that the documents were potentially relevant to the litigation before they were
24 destroyed.") (cleaned up).

25 This "is a flexible fact-specific standard that allows a district court to exercise the
26 discretion necessary to confront the myriad factual situations inherent in the spoliation
27 inquiry." *Micron Tech., Inc. v. Rambus, Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011) (citing
28 *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)). It requires more than

1  "the mere existence of a potential claim or the distant possibility of litigation," but litigation
2  need not be "imminent, or probable without significant contingencies." *Id.* (citing *Trask-*
3  *Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681–82 (7th Cir. 2008)).

4  Courts have, for example, found parties to be under a duty to preserve relevant evidence where they have taken steps to prepare for litigation, such as by gathering evidence or retaining counsel. *E.g.*, *Barsoum v. NYC Hous. Auth.*, 202 F.R.D. 396, 400 (S.D.N.Y. 2001); *Fast*, 340 F.R.D. at 337; *Jones v. Riot Hosp. Grp.*, 2022 Wl 3682031, at *4 (D. Ariz. Aug. 25, 2022). And of course, parties are typically on notice of litigation if they receive an explicit threat of litigation. *E.g.*, *Surowiec*, 790 F. Supp. 2d at 1005–06 (citation omitted); *Nucor Corp. v. Bell*, 251 F.R.D. 191, 195–96 (D.S.C. 2008).

Here, while Plaintiff has presented enough evidence to establish some foundational facts by a preponderance of the evidence, Plaintiff has not met its burden to show that a reasonable person would probably have known that information copied onto the flash drives was potentially relevant to future litigation.

To convey precisely where Plaintiff's showing has fallen short, the Court begins with what Plaintiff *has* established, at least based on the evidence currently available and for the purposes of deciding the pending motion. First, Plaintiff's forensic computer examiner found that two flash drives had been inserted into Jarvis's Volition-assigned computer between January 11 and January 13, 2022. (Doc. 67-3 at 4–5). Jarvis questions whether the computer into which the flash drives were inserted was his computer, but does not dispute that the flash drives were inserted into the examined computer on those dates. (*See* Doc. 70-1 at 7; Doc. 70 at 12). Thus, Plaintiff has established that two flash drives were inserted into the examined computer and the dates on which they were inserted.

Plaintiff has also established that the examined computer was probably Jarvis's Volition-assigned computer. Plaintiff submitted the declaration of its Director of Operations, who attested that he went to Volition's Phoenix office in February of 2022 and identified Jarvis's Volition-assigned computer by the fact that it was set up at Jarvis's former work station. (Doc. 73-1 at 3). He further attested that he packed the computer with

information identifying it as Jarvis's and sent it to Plaintiff's forensic computer examiner. (*Id.*). The forensic computer examiner attested that he had been informed that the examined computer was Jarvis's. (Doc. 67-3 at 3).

Plaintiff has further established that the person who inserted the flash drives into Jarvis's computer was probably Jarvis. While Jarvis argues that other people had access to his computer, (Doc. 70 at 12), and has testified that it "was common practice for different people in the office to use other people's computers sometimes when necessary," (Doc. 70-1 at 24), this is not enough to overcome Plaintiff's evidence tending to show that Jarvis inserted the flash drives. First, Plaintiff's forensic examiner attested that the flash drives were inserted and used while Jarvis's user profile was logged in to the computer, a conclusion which Jarvis's forensic examiner did not challenge. (*Compare* Doc. 67-3 at 4–5, *with* Doc. 70-1 at 60). Second, although Jarvis could not remember whether he had inserted these particular flash drives on these particular dates, he admitted that he did insert flash drives into his computer at some point while working for Volition. (Doc. 67-2 at 17–18). The Court finds that, even if other people had access to his computer, the person who inserted flash drives into Jarvis's computer over the course of three days while logged in to Jarvis's user profile was probably Jarvis.

Having come this far, however, the Court can go no further. As discussed, Plaintiff must show that Jarvis had an obligation to preserve the flash drives at the instant he lost or destroyed them. Plaintiff's problem is that it does not know (and has not shown) when the flash drives were lost or destroyed. (*See* Doc. 67 at 13). Plaintiff has also not shown how long Jarvis retained the flash drives after he removed them from his computer for the last time on January 13, 2022. (*See* Docs. 67 at 13; 73 at 11–12). Volition's former office manager did attest that Jarvis did not give the flash drives to Volition at the end of his employment, and that a search of Volition's offices did not turn them up. (Doc. 67-1 at 1, 5). But Jarvis testified that he did not take any information with him when he left Volition aside from the contents of his own brain. (Doc. 70-1 at 27; *see also* Doc. 67-2 at 42). Even if Plaintiff's showing were enough to persuade this Court that Jarvis took the drives with

him when he left Volition, Plaintiff has not shown that Jarvis still had the drives when he received a letter warning him of potential litigation on February 10, 2022. (Doc. 67-2 at 52–3).

Plaintiff's solution to this problem is to argue that a reasonable person in Jarvis's position would have known the very moment he inserted the flash drives and copied information onto them that they were potentially relevant to future litigation. (*See* Doc. 67 at 12–14). Specifically, Plaintiff argues that Jarvis should have anticipated future litigation when he inserted the drives because he knew he had signed a nondisclosure agreement with Volition, was already planning to start a competing business, and copied confidential information onto the drives with the intention of misappropriating it. (Doc. 67 at 13).

This solution has its own problems. Chief among them is that it requires Plaintiff to prove that Jarvis copied confidential information onto the drives with the intention of using it for his new business. If Jarvis did not copy confidential information onto the drives, or copied confidential information without intending to misappropriate it (or otherwise disclose it), he would have no reason to think that his actions could lead to litigation, and no reason to know the information was relevant to any such litigation—and thus no duty to preserve the drives.

It certainly appears that Jarvis copied *something* from his Volition computer onto the flash drives. Jarvis's forensic examiner opined that Plaintiff's evidence does not definitely show that computer files were copied to the flash drives during the relevant period. (Doc. 70-1 at 60). But Plaintiff's forensic examiner noted that Jarvis accessed files on the drives while they were inserted and that the drives contained folders with names such as "Nick's PC Backup," "REEFER ALL," "Bids – Truckload," and "DRY VAN – FULL." (Doc. 67-3 at 4–5). Plaintiff has thus shown that Jarvis probably copied work-related information onto the drives while they were inserted, and possibly even backed up all files from his work computer to one of the drives.

Plaintiff has not shown, however, that the information Jarvis copied onto the drives was confidential information that Jarvis intended to misappropriate. First, Plaintiff has not

shown that information copied onto the drives was confidential. The only evidence Plaintiff presents on this issue are conclusory statements that GlobalTranz or Volition possessed confidential information that was accessible from Jarvis's Volition computer. (*See* Doc. 46 at 20–21, 31–32; 67-1 at 3–4). But Plaintiff has not, for example, indicated any specific files on Jarvis's computer or explained why such files are confidential. And even on this scant record there is clearly a dispute whether at least some of Plaintiff's allegedly confidential information is really confidential. (*See* Doc. 70-1 at 48–50). Plaintiff's thin showing is an insufficient basis on which to decide an issue which is potentially dispositive of this case.[3]

Even if Plaintiff had adequately shown that some of the information accessible from Jarvis's computer was confidential, Plaintiff admits that it has not shown that the flash drives contained confidential information. (Doc. 73 at 7 ("[Plaintiff] cannot establish at this time that the thumb drives contain trade secret information."); *id.* at 10 ("Jarvis states that [Plaintiff] has failed to provide evidence that the thumb drives contain Volition CI. . . . This, of course, is the point of the Motion. Due to Jarvis' spoliation, [Plaintiff] is prevented from establishing the contents of the thumb drives and showing that the contents contained Volition CI.")). Nor has Plaintiff adequately shown that Jarvis actually used confidential Volition information at Pinnacle, which would at least indicate that Jarvis obtained such information by some means at some point—and suggest that he may have obtained it via the flash drives. (*See* Docs. 67; 73). It therefore remains entirely possible that the information Jarvis copied onto the drives was not confidential.

Second, Plaintiff has not presented any evidence that, when he inserted the drives, Jarvis intended to use the information at his new business rather than as part of his employment at Volition. The Court is apparently to infer that because Jarvis was seeking partners for his new business when he inserted the thumb drives, (*see* Doc. 67-2 at 23–24,

---

[3] The Court's prior finding that Plaintiff had given sufficient examples supported by articulated reasoning to show good cause for entry of a protective order is not a finding that any information Plaintiff possesses is or is not confidential. (*See* Doc. 56 at 5–7; *see also* Doc. 57 at 9 ("[N]othing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether certain material . . . is confidential . . . .")).

- 9 -

27), he must have intended to use any copied information at his new business, (*see* Doc. 73 at 2–3). But Jarvis attested that the folder names on the flash drives, including "RGN" and "double drop," refer to trailers (removable gooseneck trailers and refrigerated trailers, respectively) which Pinnacle does not use in the ordinary course of its business. (Doc. 70-1 at 34–35). And while Volition's former office manager attested that it did "not appear that either of [the flash drives] were used in the normal course and scope of Jarvis's employment with Volition," she did not explain why Jarvis would not have any legitimate business need to transfer Volition's information onto a flash drive. Plaintiff has thus not shown that Jarvis probably planned to use the copied information at his new business rather than in the course of his employment at Volition—and a person intending to use confidential information for the permissible business purposes of his employer would not reasonably expect litigation to result.

In sum, Plaintiff's sole argument that Jarvis should have known litigation was possible when he inserted the flash drives is that he copied confidential information onto them. But Plaintiff has admitted that it cannot show that Jarvis really did copy confidential information onto the flash drives.[4] Because Plaintiff has not established what information was on the flash drives, Plaintiff has also not established that Jarvis intended to use that information in a manner which could trigger litigation. Plaintiff has thus not met its burden to show that Jarvis was under a duty to preserve the flash drives when they were inserted.[5] Because this insertion is the only point at which Plaintiff has shown that Jarvis had possession of the drives, Plaintiff has also failed to show that Plaintiff was under a duty to preserve the drives when they were lost. The Court therefore concludes that Plaintiff has failed to show that sanctions are available under Rule 37(e).

---

[4] In asking the Court to find that Jarvis copied confidential information without actually demonstrating that he probably did so, Plaintiff is essentially asking the Court to first presume that the information on the flash drives was unfavorable to Jarvis in order to then find that Jarvis had a duty to preserve the flash drives. This puts the cart before the horse. Under Rule 37(e), the Court may not presume lost information was unfavorable to the party that lost it without first making the threshold finding that the party was under a duty to preserve it. *See* Fed. R. Civ. P. 37(e).

[5] The Court does not reach the question of whether Jarvis intentionally spoliated the flash drives.

Plaintiff makes much of Jarvis's failure to explicitly deny, in his response to the motion, that he inserted the flash drives, that he had a reasonable belief litigation was possible when he inserted the flash drives, or that he intentionally spoliated the flash drives. (Doc. 73 at 2, 4, 7, 9). But of course, stating whether he inserted the drives or describing his state of mind when he did so would be inconsistent with his testimony that he does not remember when or whether he inserted the drives. And Jarvis did deny "taking any flash drives with him upon termination." (Doc. 70 at 14). Moreover, the Court does not draw any negative inference from Jarvis addressing his response to the question of whether Plaintiff met its burden to obtain sanctions under the relevant legal standard.

The motion will be denied without prejudice. If additional evidence comes to light that would enable Plaintiff to meet its burden under Rule 37(e), Plaintiff may again raise this issue with the Court.[6]

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion for spoliation sanctions (Doc. 67) is DENIED without prejudice.

Dated this 1st day of June, 2023.

James A. Teilborg
Senior United States District Judge

---

[6] Jarvis's request for oral argument is denied because both parties submitted memoranda discussing the law and facts in support of their positions and oral argument will not aid the Court's decision-making process. *Cf. e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). The Court notes that Plaintiff has not requested an evidentiary hearing or suggested that one would be helpful to the Court's decision-making process. *See Gypsum Res., LLC v. Clark County*, 2022 WL 16951250, at *3 (D. Nev. Nov. 15, 2022) (citing *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 592 (9th Cir. 1983); *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)) (". . . a party seeking an evidentiary hearing for purposes of determining whether to impose sanctions has no due process right to such a hearing so long as the opportunity to brief is provided.").